**Zhang Hui JIANG, also known as Zhong Hui Jiang Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 03–40406–AG NAC.

United States Court of Appeals, Second Circuit.

April 5, 2006.

Gang Zhou, New York, New York, for Petitioner.

Gregory A. White, United States Attorney, Bruce A. Khula, Assistant United States Attorney, Cleveland, Ohio, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. THOMAS J. MESKILL, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Zhang Hui Jiang, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") denial of her applications for asylum and withholding of removal. We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003).

### A. Credibility Determination

■ In arriving at his adverse credibility determination, the IJ questioned Jiang's devotion to the practice of Falun Gong. He found it difficult to believe that someone who only knows the first two exercises of Falun Gong could be so devoted to the practice that she would be willing to disobey Chinese law and jeopardize her education just to spread knowledge of Falun Gong. The IJ found that a "true believer in Falun Gong" would seek out someone to teach them the other exercises in the United States and would not let work stand in the way. Based on these findings alone, the IJ concluded that it was doubtful Jiang was really a follower of Falun Gong and that she was not credible. We find this reasoning speculative, and, therefore, insufficient to support an adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006); *cf. Ming Xia Chen v. BIA*, 435 F.3d 141, 145–46 (2d Cir.2006).

### B. Well-founded Fear of Future Persecution

■ We are also unable to uphold the IJ's alternate finding that Jiang, as a Falun Gong practitioner, lacks a well-founded fear of future persecution. The country reports indicate that thousands of Falun Gong practitioners have been detained throughout China; those who refuse to recant their beliefs have been beaten and sometimes killed. Although Chinese authorities apparently punish Falun Gong leaders more severely than others, even general practitioners are still being sentenced to a year in reeducation-through-labor camps or being confined in psychiatric hospitals. Some practitioners reportedly have had their hands and feet shack-

led with crossed steel chains and have been tortured with electric shocks. Moreover, Jiang testified that the police were looking for her personally due to her Falun Gong activities. Given these facts, a reasonable factfinder would be compelled to conclude that Jiang has a well-founded fear of persecution, assuming she is credible.

## C. Discretionary Denial of Asylum

■ Discretionary decisions to grant or deny asylum are reviewed for an abuse of discretion. *Wu Zheng Huang v. INS,* 436 F.3d 89, 96 (2d Cir.2006). The agency must examine a totality of the circumstances when determining whether an applicant qualifies for a discretionary grant of asylum. *Id.* The BIA has stressed that "the danger of persecution will outweigh all but the most egregious of adverse factors." *Id.* at 98 (citing *In re Chen,* 20 I. & N. Dec. 16, 19 (BIA 1989)). Failure to balance the totality of the circumstances, by itself, justifies vacating the IJ's denial of asylum and remanding for proper consideration. *Wu Zheng Huang,* 436 F.3d at 99.

Here, the IJ found that even if Jiang had proved she was eligible for asylum, he would deny her on discretionary grounds, primarily due to her having falsely represented herself as a citizen upon entry into the United States. By basing his discretionary denial on this factor, the IJ failed to adhere to BIA precedent that evading normal refugee procedures is not sufficient to warrant discretionary denial. *See Matter of Pula,* 19 I. & N. Dec. 467, 472 (BIA 1987). Furthermore, the negative impact of Jiang's fraudulent entry is mitigated by her having conceded removability. *See Wu Zheng Huang,* 436 F.3d at 100. In considering the totality of the circumstances, Jiang's fraudulent entry is overshadowed by her well-founded fear of fu-

ture persecution, compelling our conclusion that the IJ's discretionary denial of asylum was an abuse of discretion. *Id.* at 99–101.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).